UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELIZABETH WOOLEY KEIFFER,

    Plaintiff,

v.                                                  Case No: 6:15-cv-1974-Orl-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER**

Plaintiff, Elizabeth Wooley Keiffer, seeks judicial review of the denial of her claims for a period of disability and disability insurance benefits. As the Administrative Law Judge's ("ALJ") decision did not employ proper legal standards, the decision is reversed in part.

**BACKGROUND**

**A.  Procedural Background**

Plaintiff filed an application for a period of disability on June 13, 2013. (Tr. 169–72.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 82–84, 87–91.) Plaintiff then requested an administrative hearing. (Tr. 94.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 29–51.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and, accordingly, denied Plaintiff's claims for benefits. (Tr. 9–27.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–8.) Plaintiff then timely filed a complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. §§ 405(g) and 1383(c)(3).

**B.     Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1965, claimed disability beginning on September 7, 2012. (Tr. 169.) Plaintiff has a high school education. (Tr. 20.) The ALJ determined that Plaintiff could not perform past relevant work. (Tr. 20.) Plaintiff alleged disability due to having had a stroke in 2013, depression, heart problems, high blood pressure, fibromyalgia, and arthritis in her neck. (Tr. 198.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since September 7, 2012, the alleged onset date. (Tr. 14.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: status/post cerebral vascular accident with intermittent left-sided weakness, obesity, and depressive disorder. (Tr. 14.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work, except that Plaintiff cannot climb ladders, ropes, or scaffolds, and cannot be exposed to heights; can occasionally reach overhead with her left upper extremity; and is able to perform simple, routine, repetitive tasks. (Tr. 17.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible. (Tr. 18, 19–20.)

The ALJ determined that Plaintiff could not perform her past relevant work as a systems analyst or a payroll clerk. (Tr. 20.) Given Plaintiff's background and RFC, the VE testified that

Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a rental clerk, a cashier, and an information clerk. (Tr. 21.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 21–22.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national

economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**ANALYSIS**

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ erred in his evaluation of opinion evidence; (2) the ALJ's hypothetical to the VE did not adequately reflect

Plaintiff's limitations; and (3) the ALJ erred in evaluating Plaintiff's credibility. For the reasons that follow, Plaintiff's first contention warrants reversal.

### A. Medical Opinions

Plaintiff contends that the ALJ erred in his evaluation of two medical opinions. (Dkt. 22 at 9–15.) First, Plaintiff argues that while the ALJ assigned great weight to the opinion of a state agency consultant, "the ALJ did not include all of the limitations noted by this doctor in the residual functional capacity determination." (Dkt. 22 at 9.) Second, Plaintiff argues that the ALJ failed to weigh the opinions of Plaintiff's treating physicians at Central Florida Family Health Care. (Dkt. 22 at 10.)

#### 1. State Agency Consultant

As to the opinion of the state agency physician, Plaintiff argues that the ALJ did not include all the limitations opined by non-examining state agency consultant Dr. Carlos Suarez in his January 2014 RFC evaluation. (Dkt. 22 at 9.) Specifically, Plaintiff argues that Dr. Suarez opined that Plaintiff "was limited in her ability to push/pull with her left upper extremity; could only occasionally balance, stoop, kneel, crouch and crawl; and was limited in her ability to speak due to slow, slurred speech." (Dkt. 22 at 9.) Despite affording Dr. Suarez's opinion great weight, Plaintiff contends that the ALJ did not include these limitations in her RFC assessment. (Dkt. 22 at 9–10.) In response, Defendant argues that any error the ALJ made in not explicitly stating she was not adopting certain portions of Dr. Suarez's was harmless because the ALJ's RFC determination is supported by substantial evidence. (Dkt. 23 at 7.)

Dr. Suarez opined that Plaintiff has limitations in pushing and pulling in her upper left extremities, noting that Plaintiff had occasional moderate decreases in the strength in her left upper and lower extremities. (Tr. 74.) Further, Dr. Suarez opined that Plaintiff was limited to occasional

balancing, stooping, kneeling, couching, and crawling. (Tr. 75.) As to Plaintiff's speech, Dr. Suarez stated that Plaintiff's speech was described by her primary care physician as slow and slurred and that Plaintiff was referred to a speech therapist, but that Plaintiff "appears to communicate effectively as there is no mention anywhere in the MER that she is not intelligible." (Tr. 75.) Nonetheless, Dr. Suarez determined that Plaintiff had communicative limitations due to slow, slurred speech. (Tr. 75.)

When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). This standard applies equally to the opinions of treating and non-treating physicians. *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015); *see* 20 C.F.R. § 404.1527(e)(2)(ii) (explaining that the ALJ "must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant . . . as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources"). With regard to state agency medical consultants, the ALJ must consider their findings and opinions as they are "experts in Social Security disability evaluation," but the ALJ is "not bound by" their findings. 20 C.F.R. § 404.1527(e)(2)(i). Further, although the ALJ must consider all medical opinions, the "final responsibility" for determining, among other things, a claimant's RFC "is reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(2).

The ALJ stated that she accorded great weight to the opinion of the state agency medical consultant as supported by the medical evidence, "including the negative examination findings of her primary care physicians." (Tr. 20.) While the ALJ was not bound by Dr. Suarez's findings, 20 C.F.R. § 404.1527(e)(2)(i), the ALJ also cannot pick and choose evidence supporting her decision, while disregarding evidence to the contrary. *See McCruter v. Bowen*, 791 F.2d 1544,

1548 (11th Cir. 1986) (concluding that the ALJ's decision was not supported by substantial evidence when the ALJ focused on one aspect of the evidence while disregarding contrary evidence).  Without an explanation of the weight accorded to each item of evidence and an explanation of the reason for the ALJ's decision, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence. *Gaskin v. Comm'r of Soc. Sec.*, 533 F. App'x 929, 931 (11th Cir. 2013) (explaining that treating physicians' opinions are entitled to great weight unless good cause is shown to the contrary and remanding for the ALJ to address a treating physician's opinion regarding Plaintiff's pain).

Here, "the discrete issue before the Court is whether the ALJ sufficiently explained his rationale for including only portions of Dr. [Suarez's] opinion in Plaintiff's RFC." *Monte v. Astrue*, No. 5:08-CV-101-OC-GRJ, 2009 WL 210720, at *6 (M.D. Fla. Jan. 28, 2009).  The ALJ does not state explicitly whether she considered Dr. Suarez's opinions regarding Plaintiff's speech, ability to push and pull with her upper extremities, or abilities to balance, stoop, kneel, crouch, and crawl.  The ALJ limited Plaintiff to light work with additional limitations, including, in relevant part, that Plaintiff retained the RFC to occasionally reach overhead with her left upper extremity. (Tr. 17.)  The ALJ did not find additional limitations with Plaintiff's speech or ability to balance, stoop, kneel, crouch, or crawl.  (Tr. 17.)

Although the ALJ analyzed the evidence regarding Plaintiff's speech (Tr. 16, 18), and strength in her left side (Tr. 14, 17, 18, 19, 20), the ALJ does not evaluate Plaintiff's ability to balance, stoop, kneel, crouch, and crawl.  Upon review of the record, the ALJ's findings regarding Plaintiff's speech and limitations in her left side are supported by substantial evidence.  However, although the ALJ cited evidence that Plaintiff's gait was normal and that Plaintiff engaged in activities such as taking out the trash, performing self-care, preparing meals, and performing light

household chores (Tr. 19, 20), it is not the role of the Court on review to assume that these findings relate to the ALJ's evaluation of Plaintiff's ability to balance, stoop, kneel, crouch, or crawl. *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 732–33 (11th Cir. 2011) (finding that "[w]ithout a clear explanation of the ALJ's treatment of [a treating physician's] opinion, [the court] cannot determine whether the ALJ's ultimate decision on the merits was rational and supported by substantial evidence"); *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (declining to affirm "simply because some rationale might have supported the ALJ's conclusion").

Because the ALJ did not explain why certain portions of Dr. Suarez's opinion were not incorporated in the RFC finding despite affording Dr. Suarez's opinion great weight, the Court is unable to determine how the ALJ evaluated Dr. Suarez's opinion, and the Court will not inject its own assumptions when the decision itself is silent. Accordingly, remand for the ALJ's further explanation of her evaluation of Dr. Suarez's opinion is warranted. *E.g.*, *Dempsey*, 454 F. App'x at 734.

### 2. Treating Physicians at Central Florida Family Health Center

Plaintiff next argues that the ALJ failed to weigh the opinions of Plaintiff's treating physicians at Central Florida Family Health Center. (Dkt. 22 at 10–15.) Plaintiff contends that her treatment records from Central Florida showed that she has "significant weakness in her left side," but the ALJ did not consider this evidence, and instead stated, incorrectly, that Plaintiff's strength on her left side was nearly normal within seven months of her stroke. (Dkt. 22 at 12.) Plaintiff argues that although the ALJ considered "some" of Plaintiff's Central Florida records, the ALJ did not assign the weight accorded to the opinions contained in the Central Florida records. (Tr. 15.) In response, Defendant contends that the ALJ expressly considered Plaintiff's treatment notes from Central Florida, and, contrary to Plaintiff's contention, the ALJ is not required to refer

to every treatment note. (Dkt. 23 at 8.) Further, Defendant argues that Plaintiff "merely invites this Court to reweigh evidence." (Dkt. 23 at 8–9.)

The ALJ found that Plaintiff has limitations regarding her left side by finding her intermittent left-sided weakness severe and limiting her RFC to occasionally being able to reach overhead with her left upper extremity. (Tr. 14, 17.) With respect to medical evidence, the ALJ cited to Plaintiff's May 2013 hospital records (Tr. 18), which showed that Plaintiff was admitted to the hospital due to, among other symptoms, weakness on her left side, and was discharged having "[n]o significant motor deficits, just some left 4/5 residual deficit in upper and lower extremities." (Tr. 398.) The ALJ then summarized Plaintiff's treatment notes from Central Florida, in which Plaintiff's motor strength "was decreased to 3/5 of the left upper and lower extremities," in May 2013, and was unchanged in September 2013. (Tr. 18.) Next, the ALJ cited Plaintiff's 2014 progress notes from Central Florida, in which Plaintiff's strength in her left upper and lower extremities "was nearly normal at 4+/5." (Tr. 19.)

Upon review of the evidence, although some of Plaintiff's 2014 treatment notes showed strength findings of three out of five instead of four out of five (Tr. 585, 589, 600), where, as here, "there is credible evidence on both sides of an issue it is the Secretary, acting through the ALJ, and not the court, who is charged with the duty to weigh the evidence and to determine the case accordingly." *Powers v. Heckler*, 738 F.2d 1151, 1152 (11th Cir. 1984). An ALJ is not required to discuss every piece of record evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam), but, as Plaintiff concedes, the decision demonstrates the ALJ reviewed and discussed the evidence from Central Florida. As such, this contention does not warrant reversal.

### B.     The ALJ's Hypothetical

Next, Plaintiff argues that the ALJ's hypothetical to the VE was incomplete, and, therefore, the ALJ improperly relied on the VE's testimony. (Dkt. 22 at 15–18.) Specifically, Plaintiff contends that the ALJ erred by not incorporating in her hypothetical to the VE the limitations Dr. Suarez found Plaintiff to have—e.g., that Plaintiff's ability to push and pull with her left upper extremity was limited, that Plaintiff could only occasionally balance, stoop, kneel, crouch and crawl, and that Plaintiff's speech was slow and slurred. (Dkt. 22 at 17.) Given that the Court found remand required for further consideration of Dr. Suarez's opinion (*see* discussion *supra* Section A.1), on remand, the ALJ is instructed to consider whether further evaluation of Dr. Suarez's opinion affects Plaintiff's RFC assessment, and, consequently, the hypothetical posed to the VE.

### C.     The ALJ's Credibility Determination

Finally, Plaintiff argues that the ALJ's determination of Plaintiff's credibility regarding the limiting effects of her impairments was "boilerplate" and thus lacked sufficient reasoning. (Dkt. 22 at 19–20.) Plaintiff does not, however, identify specific limitations the ALJ allegedly failed to properly address. In response, Defendant argues that Plaintiff cites to only a portion of the ALJ's credibility analysis, and that the ALJ's analysis was detailed and supported by substantial evidence. (Dkt. 23 at 10–15.)

In addition to the objective evidence of record, the ALJ must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529(a). A three-part "pain standard" applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms. *Holt v. Sullivan*, 921 F.2d 1221, 1223

(11th Cir. 1991). A plaintiff must show: (1) objective medical evidence of an underlying medical condition and either (2) objective medical evidence that substantiates the severity of the pain from the condition or (3) that the objectively determined medical condition is of sufficient severity that it would reasonably be expected to produce the pain alleged. *Id.*; *Wilson*, 284 F.3d at 1225.

If the ALJ does not credit a claimant's testimony, the ALJ "must articulate explicit and adequate reasons for doing so." *Holt*, 921 F.2d at 1223. On review, a court must not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). The ALJ's failure to articulate adequate reasons requires that, as a matter of law, the claimant's testimony is accepted as true. *Holt*, 921 F.2d at 1223. However, "[a] lack of an explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case." *Foote*, 67 F.3d at 1562. When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms. 20 C.F.R. § 404.1529(c)(3).

A review of the ALJ's decision reflects that the ALJ carefully considered Plaintiff's testimony and provided adequate reasons for finding Plaintiff not entirely credible. Plaintiff argues that the ALJ made the following "boilerplate" finding regarding Plaintiff's credibility:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

(Tr. 18.) However, as Defendant contends, Plaintiff includes only a portion of the ALJ's credibility finding, as the ALJ's analysis did not end there. Rather, in determining Plaintiff's credibility, the ALJ specified various inconsistencies that undermined Plaintiff's testimony. (Tr. 18, 19.)

First, the ALJ reasoned that Plaintiff's allegations of total disability were inconsistent with the medical evidence as a whole because, after Plaintiff's stroke, she did not undergo physical or speech therapy, medical evidence showed that her physical condition had improved, and there was no medical evidence "to support a speech problem consistent with what she displayed at the hearing." (Tr. 18.) Further, the ALJ reasoned that Plaintiff's testimony regarding limitations with concentration, difficulty speaking due to the left side of her mouth being "drawn," back pain, and swelling in her left leg were not supported by the medical evidence, Plaintiff's treatment, or Plaintiff's daily activities. (Tr. 19.) The ALJ elaborated as follows:

> Physical exams had consistently documented facial asymmetry and no edema of the lower extremities. Reflexes and pedal pulses had remained intact. There had been no complaint of back pain, prescriptions for pain medication or anti-inflammatory medication, or referral to an orthopedist. There are no examination findings that would support her allegation she has to lie down during the day and nap. In addition, there is no indication whatsoever that she has continued to use a walker since the stroke of May 2013. Progress notes had consistently noted her gait and station were normal. Within seven months of the stroke, her left-sided upper and lower body strength was nearly normal at +4/5. Mental status exams revealed there were no cognitive deficits and memory remained intact. She also reported that she operates a non-profit pet rescue. (Ex. 2F, 6F, 7F, 8F, 10F-12F).

(Tr. 19–20.) The ALJ's considerations of the medical evidence, Plaintiff's course of treatment, and Plaintiff's daily activities, in evaluating the credibility of Plaintiff's testimony were all proper considerations, 20 C.F.R. § 404.1529(c)(3), and, upon review of the evidence cited by the ALJ, this determination was supported by substantial evidence.

Contrary to Plaintiff's contention, the ALJ went beyond merely citing "boilerplate" language to support his credibility finding and articulated specific reasons to support his conclusion that Plaintiff's statements were less than credible. *See Leiter v. Comm'r of Soc. Sec.*

*Admin.*, 377 F. App'x 944, 948 (11th Cir. 2010) (finding that the ALJ's credibility determination was supported by substantial evidence because the ALJ clearly articulated explicit reasons for rejecting the claimant's subjective complaints). As such, Plaintiff's final contention does not warrant reversal.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **REVERSED** in part and the case is **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

2. The Clerk of Court is directed to enter judgment consistent with this Order.

**DONE** and **ORDERED** in Tampa, Florida, on February 16, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record